IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IDAROSE MASSEY, on behalf of herself and others similarly situated, | : CIVIL ACTION |
| Plaintiff, | : FILED ELECTRONICALLY |
| v. | : ON APRIL 4, 2025 |
| LIBERTY RESOURCES INC. (dba "Liberty Community Connections"), | : CLASS/COLLECTIVE ACTION |
| Defendant. | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Idarose Massey ("Plaintiff") brings this lawsuit against Liberty Resources Inc. (dba "Liberty Community Connections") ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff resides in Rockledge, PA (Montgomery County).

5. Defendant is a corporate entity headquartered in Philadelphia, PA (Philadelphia

County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. The Commonwealth of Pennsylvania maintains a mandatory managed care program referred to as Community Health Choice ("CHC") for adults who need help with everyday personal tasks.

9. The Commonwealth of Pennsylvania contracts with Defendant to assist in carrying out services required by CHC.

10. Pursuant to the contract between the Commonwealth and Defendant, Defendant employs "Service Coordinators" (sometimes also referred to as "Supports Coordinator") who, *inter alia*, interview disabled individuals and seniors in order to connect them to service providers.

11. The Service Coordinator position does not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized instruction and study. For example, Plaintiff's highest educational degree is a Bachelor's Degree in English.

12. Service Coordinators are paid salaries of approximately $40,000-$50,000.

13. Service Coordinators regularly work over 40 hours per week.

14. Service Coordinators do not receive any overtime premium compensation for hours worked over 40 per week.

15. Service Coordinators provide the same services that Defendant is in business to provide and, therefore, they do not perform work directly related to the management or general

business operations of Defendant or its customers. *See Walsh v. Until Service Corporation*, 64 F.4th 1 (1st Cir. 2023) (administrative exemption does not cover employees who "produce the product or provide the service that the company is in business to provide."); *Rood v. R&R Express, Inc.*, 2022 WL 1082481, 2022 U.S. Dist. LEXIS 66852, at *16 (W.D. Pa. April 11, 2022) ("Employees who may perform some administrative tasks are not exempt if they are merely engaged in the day-to-day carrying out of the business's affairs.") (internal quotations and brackets omitted). Moreover, Service Coordinators do not perform any of the examples of work directly related to management or general business operations set forth in 29 C.F.R. § 541.201(b) such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, internet and database administration, legal or regulatory compliance.

16. Plaintiff was employed by Defendant as a Service Coordinator from approximately 2022 until October 2024 and was paid an annual salary.

17 Plaintiff, like other Service Coordinators, regularly worked over 40 hours per week. Specifically, Plaintiff estimates that she worked approximately 50 hours during a typical week.

18. Plaintiff, like other Service Coordinators, did not receive any overtime premium compensation for hours worked over 40 per week.

19. Defendant's failure to pay overtime wages to Plaintiff and Service Coordinators was undertaken willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  She sues on behalf of all individuals employed by Defendant as Service Coordinators/Supports Coordinators during any week within the past three years.[1]

21.     Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

22.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

23.     The class, upon information and belief, includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

24.     Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

---

[1]  The PMWA carries a mandatory three-year limitations period.  *See Garcia v. Vertical Screen, Inc.*, 580 F. Supp. 3d 79, 91 n.7 (E.D. Pa. 2022); *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 925 n. 4 (W.D. Pa. 2011).  The FLSA, meanwhile, carries a two-year limitations period that can be extended to three-years in the event of a "willful" FLSA violation.  *See* 29 U.S.C. § 216(b).  The ultimate determination of whether Defendant "willfully" violated the FLSA must await discovery.  *See, e.g., Jones v. Giant Eagle, Inc.*, 2019 WL 5073661, 2019 U.S. Dist. LEXIS 142135, *14-15 (W.D. Pa. Aug 20, 2019); *Rapczynski v. DIRECTV, LLC*, 2016 WL 1071022, 2016 U.S. Dist. LEXIS 34833, *19-21 (M.D. Pa. Mar. 17, 2016); *see also Souryavong v. Lackawanna County*, 872 F.3d 12, 126-27 (3d Cir. 2017) (finding lack of willfulness based on post-discovery summary judgment record).

25. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

26. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

27. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

30. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime wages for all hours worked over 40 per week.

31. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

32. All previous paragraphs are incorporated as though fully set forth herein.

33. The PMWA requires that employees receive overtime premium compensation

"not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

34. Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime wages for all hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date:  April 4, 2025                                            Respectfully,

/s/ Mark J. Gottesfeld
Peter Winebrake
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
mgottesfeld@winebrakelaw.com

*Plaintiff's Counsel*

6

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

*/Massey/*
Signature

Idarose Massey
Print Name

The signed document can be validated at https://app.vinesign.com/Verify